1  Bruce T. Smyth- State Bar No. 89171
   **CHARLSTON, REVICH & WOLLITZ LLP**
2  1925 Century Park East, Suite 1250
   Los Angeles, California 90067-2746
3  Tel:  (310) 551-7055 • Fax:  (310) 203-9321

4  Attorneys for Defendant,
   Philadelphia Indemnity Insurance Company
5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11  PACIFIC MARINE CENTER, INC., a        Case No.
    California corporation, and SONA
12  VARTANIAN, an individual,
                                          **NOTICE OF REMOVAL OF**
13              Plaintiffs,               **CIVIL ACTION UNDER 28 U.S.C.**
                                          **§ 1441(b) (DIVERSITY);**
14         v.                             **DECLARATION OF BRUCE T.**
                                          **SMYTH AND EXHIBITS IN**
15  PHILADELPHIA INDEMNITY                **SUPPORT THEREOF**
    INSURANCE COMPANY, a
16  Pennsylvania corporation, and DOES
    1 through 10, inclusive,
17
                Defendants.
18

19

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  EASTERN DISTRICT OF CALIFORNIA:

22         PLEASE TAKE NOTICE that defendant Philadelphia Indemnity Insurance

23  Company ("Philadelphia") hereby removes to this Court that certain action brought

24  in the Superior Court of California for the County of Madera by Pacific Marine

25  Center, Inc. and Sona Vartanian ("Plaintiffs") against Philadelphia entitled *Pacific*

26  *Marine Center, Inc., et al. v. Philadelphia Indemnity Insurance Company, and*

27  *DOES 1-10, inclusive,* which bears case number MCV063092 ("the State Court

28  Action").

1.    The State Court Action was filed on May 8, 2013.  The operative complaint sets forth purported causes of action based on theories of breach of contract and breach of the implied covenant of good faith and fair dealing.  A true and correct copy of the Complaint in the State Court Action is attached to the Declaration of Bruce T. Smyth as Exhibit "1."

2.    The State Court Action is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) because it is a civil action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, in that Plaintiffs seek to recover from Philadelphia damages for alleged refusal to pay policy benefits, attorneys' fees and punitive damages.

3.    Philadelphia first learned of the State Court Action on or about June 12, 2013, when it was served with the Complaint.

4.    This Notice has been filed within 30 days of the service of the Complaint in the State Court Action, and within 30 days after Philadelphia had notice of the Complaint.

5.    On June 20, 2013, Philadelphia filed an Answer to the Complaint in the State Court Action.  Attached to the annexed Declaration of Bruce T. Smyth as Exhibit "2" is a true and correct copy of Philadelphia's Answer.

6.    At the time of the filing of the State Court Action, and as of this date, Plaintiff Sona Vartanian was and is an individual residing in Fresno, California, and a citizen of the State of California.

7.    At the time of filing the State Court Action, Plaintiff Pacific Marine Center, Inc., was and is a California corporation located in Madera, California, and a citizen of the State of California.

8.    At all times relevant herein, including the time of the filing of the State Court Action and as of this date, Philadelphia was and is a corporation organized

and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania, and is a citizen of the State of Pennsylvania.

9.    Defendant Philadelphia will promptly serve written notice of the filing of this Notice of Removal on Plaintiffs' counsel in the State Court Action, and a copy of this Notice of Removal will be filed with the clerk of the Superior Court of the County of Madera, State of California.

WHEREFORE, Philadelphia prays that the above-referenced State Court Action be removed from the docket of the Madera County Superior Court to the docket of the United States District Court for the Eastern District of California.

DATED:  June 27, 2013

CHARLSTON, REVICH & WOLLITZ LLP
BRUCE T. SMYTH

By: _____
Bruce T. Smyth
Attorneys for Defendant,
Philadelphia Indemnity Insurance Company

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY); DECLARATION OF
BRUCE T. SMYTH AND EXHIBITS IN SUPPORT THEREOF

## DECLARATION OF BRUCE T. SMYTH

I, Bruce T. Smyth, declare and state as follows:

1.     I am an attorney admitted to practice before all Courts of the State of California, and the United States District Court for the Eastern District of California, and a partner of the law firm Charlston, Revich & Wollitz LLP, counsel of record for defendant Philadelphia Indemnity Insurance Company ("Philadelphia").  I have personal knowledge of the facts set forth herein and if called to testify as a witness, could and would competently testify thereto.  This declaration is submitted in support of Philadelphia's Notice of Removal of Civil Action under 28 U.S.C. §1441(b) (Diversity).

2.     On May 8, 2013, plaintiffs Pacific Marine Center, Inc. and Sona Vartanian ("Plaintiffs") filed an action in Superior Court of California for the County of Madera entitled *Pacific Marine Center, Inc., et al. v. Philadelphia Indemnity Insurance Company, and DOES 1-10, inclusive,* which bears case number MCV063092 ("the State Court Action").  Plaintiffs' complaint sets forth causes of action based on theories of breach of contract and breach of the implied covenant of good faith and fair dealing.  The Complaint seeks to recover from Philadelphia damages for alleged refusal to pay policy benefits, attorneys' fees and seeks punitive damages.  Attached hereto as Exhibit "1" is a true and correct copy of the Complaint in the State Court Action, bearing the Court's stamped filing date of May 8, 2013.

3.     Plaintiffs previously submitted a claim under the policy of insurance issued by Philadelphia and included documents which they asserted show a loss of boat inventory and equipment of over $500,000.

4.     Philadelphia first learned of the Complaint in the State Court Action upon being served with process in California on June 12, 2013.

5.     On June 20, 2013, Philadelphia filed an Answer to the Complaint in

1  the State Court Action.  A true and correct copy of the Answer is attached hereto as

2  Exhibit "2."

3       6.     The State Court Action is a civil action over which this Court has

4  original subject matter jurisdiction under 28 U.S.C. §1332, and is one which may

5  be removed to this Court by Philadelphia pursuant to the provisions of 28 U.S.C.

6  §1441(b), in that it is a civil action between citizens of different states, wherein the

7  matter in controversy exceeds the sum of $75,000, exclusive of interest and costs,

8  in that Plaintiffs allege in the complaint in the State Court Action that they are

9  entitled to recover damages, expenses, attorney's fees and punitive damages.

10 Plaintiffs have provided documents which they contend support their claim under a

11 policy of insurance issued by Philadelphia for loss of boat inventory and equipment

12 of over $500,000, well in excess of $75,000.

13      7.     At the time of the filing of the State Court Action, plaintiffs were and

14 are residents and citizens of the State of California.  According to the express

15 allegations of the Complaint in the State Court Action, Plaintiff Pacific Marine

16 Center, Inc. was and is a California corporation with its principal place of business

17 in California, and Plaintiff Sona Vartanian was and now is an individual residing in

18 Fresno, California.

19      8.     At all times herein relevant, including the time of filing of the State

20 Court Action and as of this date, Philadelphia was and is a corporation working and

21 existing under the laws of the State of Pennsylvania, with its principal place of

22 business located in Pennsylvania.

23

24      I declare under penalty of perjury under the laws of the United States of

25 America that the foregoing is true and correct and that this Declaration was

26 executed on June 27, 2013, at Los Angeles, California.

27

28                                              Bruce T. Smyth

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY); DECLARATION OF
BRUCE T. SMYTH AND EXHIBITS IN SUPPORT THEREOF

# EXHIBIT "1"

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
MADERA SUPERIOR COURT

MAY   3 2013

**BONNIE THOMAS**
_____ CLERK
_____ DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a
Pennsylvania corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

PACIFIC MARINE CENTER, INC., a California corporation, and
SONA VARTANIAN, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
_¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación._

_Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia._

_Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso._

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:)  Madera County Superior Court<br><br>209 West Yosemite Avenue<br>Madera, California 93637 | **CASE NUMBER:**<br>**(Número del Caso):**<br><br>**MCV063092** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Robert F. Keehn, Esq., 1875 Century Park East, Suite 700, Los Angeles, California 90067      (310) 551-6525

| | | |
|---|---|---|
| DATE:   MAY - 6 2013 | **BONNIE THOMAS** | |
| (Fecha) | Clerk, by       RENEE S. LONG | , Deputy |
| | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

**SEAL**

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT 1

7

05/09/2013  03:14PM  2093830311          LEGAL SUPPORT NET                    PAGE  02/04

1  Robert F. Keehn, Esq. (115848)
2  Law Office of Robert F. Keehn
   1875 Century Park East, Suite 700
3  Los Angeles, CA 90067
   (310) 551-6525 telephone
4  (310) 284-2654 facsimile
   rkeehn@rfk-law.com
5  Attorney for Plaintiffs
   Pacific Marine Center, Inc.
6  and Sona Vartanian

FILED
MADERA SUPERIOR COURT

MAY  8 2013

BONNIE THOMAS ____ CLERK
_____ DEPUTY

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF MADERA

10

11

12  PACIFIC MARINE CENTER, INC., a        )  Case No.  MCV063092
    California corporation, and SONA      )
13  VARTANIAN, an individual,             )
                                          )
14                                        )  COMPLAINT FOR (1) BREACH OF
            Plaintiffs,                   )  CONTRACT, AND (2) BREACH OF THE
15                                        )  IMPLIED COVENANT OF GOOD FAITH
        vs.                               )  AND FAIR DEALING
16                                        )
    PHILADELPHIA INDEMNITY                )
17  INSURANCE COMPANY, a Pennsylvania     )
    corporation, and DOES 1 through 10,   )
18  inclusive,                            )
                                          )
19                                        )
            Defendants.                   )
20                                        )
                                          )
21                                        )

22

23       Plaintiffs PACIFIC MARINE CENTER, INC., a California corporation, and SONA

24  VARTANIAN, an individual, hereby complain against defendants PHILADELPHIA

25  INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, and DOES 1 through 10,

26  inclusive, as follows:

27

28  _____

                                1                        COMPLAINT

FILED BY FAX

EXHIBIT 1                                              8

PRELIMINARY ALLEGATIONS

1.     Plaintiff PACIFIC MARINE CENTER, INC. (hereinafter PACIFIC MARINE") was at all times mentioned herein, and now is, a California corporation with its principal place of business in the State of California.

2.     Plaintiff SONA VARTANIAN was at all times mentioned herein, and now is, an individual residing in the County of Fresno, State of California. At all times mentioned herein, SONA VARTANIAN was, and now is, the President of PACIFIC MARINE.

3.     Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY (hereinafter "PHILADELPHIA INDEMNITY") was at all times mentioned herein, and now is, a corporation organized and existing under the laws of the State of Pennsylvania. Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, said defendant was doing business, and is now doing business, throughout the State of California, including the County of Madera.

4.     The true names and capacities of the defendants sued herein as DOES 1 through 10, whether individual, corporate, associate or otherwise, are presently unknown to plaintiffs, who therefore sue said defendants by such fictitious names and if necessary will ask leave of court to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the DOE defendants is in some manner responsible for the events and happenings set forth herein and proximately caused injury and damages to plaintiffs as alleged herein.

5.     At all times mentioned herein, each defendant was the agent and employee of each of the remaining defendants and was at all times mentioned herein acting within the scope of said agency and employment. Plaintiffs are informed and believe, and based thereon allege, that each defendant gave consent to, ratified and authorized the acts alleged herein by each of the remaining defendants.

6.     On or about May 1, 2010, defendants PHILADELPHIA INDEMNITY and DOES 1 through 10 issued a contract of insurance, Policy No. PHPK563281 ("the PHILADELPHIA INDEMNITY policy"), to plaintiffs. The PHILADELPHIA INDEMNITY policy provided a

variety of coverages for PACIFIC MARINE's place of business in Madera, California, and among other things insured PACIFIC MARINE's inventory against loss by theft.

7.    On or about July 25, 2010, inventory and other items at PACIFIC MARINE's place of business were stolen.

8.    Plaintiffs notified defendants of the theft loss. Defendants thereafter retained a third-party adjustor, who communicated briefly with plaintiffs' former attorney. On June 23, 2011, attorneys retained by defendant PHILADELPHIA INDEMNITY wrote to plaintiffs' former counsel to advise of their involvement. The June 23, 2011 letter further stated that "[w]e are investigating the claim and will promptly reply to you after we have had an opportunity to review the relevant documents and information." Plaintiffs are informed and believe, and based thereon allege, that defendants conducted no further investigation of the claim until May 14, 2012, when plaintiff's counsel wrote to the attorneys retained by PHILADELPHIA INDEMNITY to demand that PHILADELPHIA INDEMNITY commence, or at least resume, an investigation of the claim. Defendants denied the claim under cover of March 21, 2013.

## FIRST CAUSE OF ACTION

(Breach of Contract Against Defendants PHILADELPHIA INDEMNITY INSURANCE COMPANY and DOES 1 through 10, inclusive)

9.    Plaintiffs incorporate herein by this reference as though fully set forth the allegations of Paragraphs 1 through 8, above.

10.    Defendants' denial of coverage for the theft loss and failure to reimburse plaintiffs for the theft loss constituted a breach of the PHILADELPHIA INDEMNITY policy.

11.    As a direct and proximate result of defendants' breach of the PHILADELPHIA INDEMNITY policy as set forth above, plaintiffs have been damaged in an amount to be shown according to proof.

//
//
//

COMPLAINT

EXHIBIT 1                                    10

SECOND CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendants PHILADELPHIA INDEMNITY INSURANCE COMPANY and DOES 1 through 10, inclusive)

12.     Plaintiffs incorporate herein by this reference as though fully set forth the allegations of Paragraphs 1 through 11, above.

13.     Implied in the PHILADELPHIA INDEMNITY policy is a covenant of good faith and fair dealing which required defendants to act fairly and in good faith with plaintiffs in meeting their obligations to plaintiffs under the subject contract of insurance. Said obligations included, among other things, the duty to thoroughly investigate the basis or bases for plaintiffs' claim and to avoid unfairly and unreasonably denying plaintiffs the benefits to which plaintiffs were and are entitled under the PHILADELPHIA INDEMNITY policy.

14.     Defendants breached the covenant of good faith and fair dealing by unreasonably investigating the claim, and by arbitrarily and unreasonably denying coverage for the claim on bases defendants knew to be factually and legally unsupportable.

15.     Plaintiffs are informed and believe, and based thereon allege, that defendants breached the covenant of good faith and fair dealing by other acts and omissions presently unknown to plaintiffs.

16.     As a direct and proximate result of defendants' breach of the covenant of good faith and fair dealing, plaintiffs have suffered damages, including but not limited to loss of the insurance benefits to which plaintiffs were and are entitled, all to plaintiffs' damage in an amount to be shown according to proof.

17.     As a direct and proximate result of defendants' breach of the covenant of good faith and fair dealing, plaintiff SONA VARTANIAN also has sustained severe emotional distress and hardship, as well as consequential economic loss, all to said plaintiff's damage in an amount to be shown according to proof.

18.     As a further direct and proximate result of defendants' breach of the covenant of good faith and fair dealing, plaintiffs have been forced to retain an attorney to obtain the benefits to which plaintiffs were and are entitled under the policy.

4

COMPLAINT

EXHIBIT 1                                         11

19.     Defendants' actions as set forth above constitute "malice," "oppression" and/or "fraud" within the meaning of California Civil Code § 3294(c), and were performed, or were authorized or ratified, by one or more of defendants' officers, directors or managing agents. Plaintiffs therefore are entitled to an award of punitive damages in an amount sufficient to punish and make an example of defendants.

WHEREFORE, plaintiffs PACIFIC MARINE CENTER, INC. and SONA VARTANIAN pray for judgment against defendants, as follows:

On the First Cause of Action, for damages under the PHILADELPHIA INDEMNITY policy in an amount according to proof, plus prejudgment interest;

On the Second Cause of Action, for compensatory damages in an amount according to proof, attorney fees incurred in obtaining benefits under the PHILADELPHIA INDEMNITY policy, and punitive/exemplary damages in an amount to be determined by the trier of fact;

For costs of suit incurred herein; and

For such other and further relief as the Court deems just and proper.

Dated: May 6, 2013                           LAW OFFICE OF ROBERT F. KEEHN

By: _____
                                             Robert F. Keehn, Esq.
                                             Attorney for Plaintiffs
                                             Pacific Marine Center, Inc.
                                             and Sona Vartanian

5                                   COMPLAINT

EXHIBIT 1                                         12

EXHIBIT "2"

FILED
MADERA SUPERIOR COURT

JUN 2 0 2013

BONNIE THOMAS _____ CLERK

_____ DEPUTY

1  Bruce T. Smyth- State Bar No. 89171
   **CHARLSTON, REVICH & WOLLITZ LLP**
2  1925 Century Park East, Suite 1250
   Los Angeles, California 90067-2746
3  Tel: (310) 551-7055 • Fax: (310) 203-9321

4  Attorneys for Defendant,
   Philadelphia Indemnity Insurance Company

5

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                           **FOR THE COUNTY OF MADERA**

10

11  PACIFIC MARINE CENTER, INC., a        Case No. MCV063092
    California corporation, and SONA
12  VARTANIAN, an individual,             *[Assigned for all purposes to the Honorable*
                                          *Michael J. Jurkovich, Department 4]*
13              Plaintiffs,
                                          **ANSWER OF DEFENDANT**
14       v.                               **PHILADELPHIA INDEMNITY**
                                          **INSURANCE COMPANY TO**
15  PHILADELPHIA INDEMNITY                **COMPLAINT**
    INSURANCE COMPANY, a Pennsylvania
16  corporation, and DOES 1 through 10,   **Case Filing Date:**  May 8, 2013
    inclusive,
17
                Defendants.
18

19

20        Defendant Philadelphia Indemnity Insurance Company ("Philadelphia" or "Defendant")

21  answers the unverified Complaint ("Complaint") of Pacific Marine Center, Inc. and Sona

22  Vartanian ("Plaintiffs"), as follows:

23        Pursuant to the provisions of Cal. Civ. Proc. § 431.30(d), Defendant denies each and every

24  allegation of Plaintiffs' unverified Complaint, denies that Plaintiffs have been injured, damaged

25  or wronged in any way by Defendant, and denies that Plaintiffs are entitled to any relief

26  whatsoever under Plaintiffs' Complaint, whether prayed for or otherwise.

27        Further answering Plaintiffs' Complaint, Defendant alleges the following separate

28  defenses:

{00076475.DOCX 1}                        1
ANSWER OF DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY TO COMPLAINT

EXHIBIT 2                                                          14

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent there is no coverage due under the policy issued by Philadelphia to Pacific Marine Center bearing Policy No. PHPK563281 ("the Policy").

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent the provisions, terms, conditions, exclusions, endorsements, and/or limitations within the Policy do not afford coverage with respect to the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, because Plaintiffs did not comply with the requirement of the Policy that any claim be promptly reported in writing and Defendant has been severely prejudiced as a result.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent that the claim against Plaintiffs was made prior to the inception of, or subsequent to the expiration of, the Policy period of the Policy.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent the Policy excludes coverage for the allegations made in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Philadelphia's conduct did not legally or proximately cause any damage Plaintiffs have alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs and/or the insured failed to mitigate Plaintiffs' alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

9.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint is barred by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint is barred by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint is barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint is barred by statutes of limitations, including without limitation, Cal. Civ. Proc. §§ 337, 338, 339, 340.6, 343, and 360.5, or contractual limitation periods.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs' Complaint is uncertain, ambiguous and/or unintelligible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Defendant properly discharged its duties under the Policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent Plaintiffs did not properly discharge Plaintiffs' duties to Defendant under the Policy.

1

### SEVENTEENTH AFFIRMATIVE DEFENSE

2    17.    Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the

3    extent the insured did not satisfy all conditions to coverage under the Policy.

4

### EIGHTEENTH AFFIRMATIVE DEFENSE

5    18.    Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the

6    extent Plaintiffs proximately caused and contributed to the damages Plaintiffs claim in the

7    Complaint.

8

### NINETEENTH AFFIRMATIVE DEFENSE

9    19.    Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, because

10   the insured did not cooperate with Defendant in the investigation, defense or settlement of a claim

11   as required under the Policy.

12

### TWENTIETH AFFIRMATIVE DEFENSE

13   20.    Defendant's conduct was reasonable and in good faith at all times relevant herein,

14   based on the material facts and circumstances known to Defendant at the time it acted and in

15   accordance with all the terms, conditions, exclusions, limitations and other provisions contained

16   in the Policy, and has in no way unreasonably denied Plaintiffs or any insured benefits under the

17   Policy.

18

### TWENTY-FIRST AFFIRMATIVE DEFENSE

19   21.    Plaintiffs' claims are barred to the extent Plaintiffs have released their claims

20   against Defendant.

21

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22   22.    The Complaint does not describe the claims against Defendant with sufficient

23   particularity to enable Defendant to determine all of its defenses, including defenses based upon

24   terms, conditions, limitations and/or exclusions of the Policy.  Defendant therefore reserves its

25   right to assert other and additional defenses once the precise nature of the claims is ascertained

26   through discovery.

27

### TWENTY-THIRD AFFIRMATIVE DEFENSE

28   23.    Defendant reserves the right to plead any theory or defense applicable to

{00076475.DOCX 1}                              4

1   agreements, terms, definitions, conditions, exclusions, provisions, endorsements or limitations of

2   the Policy as they are developed during the continuing course of discovery in this action.

3   Defendant's conduct was reasonable and in good faith at all times relevant herein, based on the

4   material facts and circumstances known to Defendant at the time it acted.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6       24.      Any duties of Defendant owed to Plaintiffs are limited by and subject to all the

7   terms, conditions, exclusions, limitations and other provisions contained in the Policy.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9       25.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, because

10   there was no covered loss or damage under the Policy to the extent that the Policy requires

11   physical loss of or damage to covered property and that there was no such direct physical loss of

12   or damage.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14       26.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the

15   extent that there was no theft or stealing of covered property.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

17       27.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, because

18   the removal of property in the covered premises was not a theft or stealing because the person or

19   persons taking the property had a bona fide claim of title.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

21       28.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the

22   extent that the property alleged to have been taken was moved from one location on the covered

23   property to another location on the covered property.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

25       29.      Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the

26   extent that the property alleged to be stolen was inventory taken from one location, 10432

27   Highway 41, Madera, California, where inventory was not covered under the Policy.

28

{00076475.DOCX 1}         5
ANSWER OF DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY TO COMPLAINT
EXHIBIT 2      18

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, because Plaintiffs are estopped from asserting that there was any theft of stolen property by virtue of having filed a civil action against the person allegedly taking the property, having unsuccessfully sought a writ of possession of the property and having entered into a settlement agreement resolving the dispute with the person alleged to have taken the property.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, to the extent that Plaintiffs entered into a settlement agreement with the person alleged to have taken the property.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, because the Policy excludes coverage for loss or damage caused directly or indirectly by a dishonest or criminal act by Plaintiffs, any of Plaintiffs' partners, employees, directors, trustees, authorized representatives or anyone whom Plaintiffs entrusted the property, acting alone or in collusion with others, and the person alleged to have taken the property appears to have been in business with Plaintiffs as a partner, employee, authorized representative or person whom Plaintiffs entrusted property at the time of the taking of the property, within the meaning of that exclusion.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.  .  Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, pursuant to the exclusion in the Policy of coverage for loss or damage caused directly or indirectly by dishonest or criminal act by Plaintiffs, any of Plaintiffs' partners, employees, directors, trustees, authorized representatives or anyone with whom Plaintiffs entrusted the property, acting alone or in collusion with others, because the alleged agreement to transfer the property was entered into in an effort to evade enforcement of a lien for unpaid taxes.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiffs' claims are barred, and Defendant has no obligation to Plaintiffs, pursuant to the exclusion in the Policy of coverage for loss or damage caused directly or

1   indirectly by dishonest or criminal act by Plaintiffs, any of Plaintiffs' partners, employees,

2   directors, trustees, authorized representatives or anyone with whom Plaintiffs entrusted the

3   property, acting alone or in collusion with others, to the extent that the agreement under which the

4   property alleged to have been stolen was obtained was unauthorized to be executed by Plaintiffs

5   on behalf of the party who allegedly stole the property.

6

7          WHEREFORE, Philadelphia prays for judgment as follows:

8         1.     That Plaintiffs takes nothing by reason of their Complaint, or otherwise;

9         2.     That Plaintiffs' Complaint be dismissed with prejudice;

10        3.     That the Court declare Defendant has no liability or obligation to Plaintiffs under

11   the Complaint;

12        4.     That the Court award Defendant its costs of suit incurred to respond to Plaintiffs'

13   Complaint; and

14        5.     That Defendant obtains such other and further relief as the Court may deem just

15   and proper.

16

17   DATED:  June 18, 2013           CHARLSTON, REVICH & WOLLITZ LLP

18                        BRUCE T. SMYTH

19

20                      By:_____

21                            Bruce T. Smyth

                          Attorneys for Defendant,

22                      Philadelphia Indemnity Insurance Company

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action; my business address is 1925 Century Park East, Suite 1250, Los Angeles, California 90067-2746.

On June 18, 2013, I served the foregoing answer of **DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY TO COMPLAINT** on the following interested parties:

Robert F. Keehn, Esq.
Law Office of Robert F. Keehn
1875 Century Park East, Suite 700
Los Angeles, California 90067
Tel:  (310) 551-6525
Fax:  (310) 284-2654
E-mail:  rkeehn@rfk-law.com

☐ **VIA FACSIMILE**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the interested parties at their respective fax numbers.  No error was reported by the fax machine that I used.

☒ **BY UNITED STATES MAIL**  I enclosed the documents in a sealed envelope or package addressed to the interested parties at their respective addresses and placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT MAIL**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the interested parties at their respective addresses.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 18, 2013, at Los Angeles, California.


MADELINE NANAS

ANSWER OF DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY TO COMPLAINT

EXHIBIT 2

21