UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., a California corporation, and SONA VARTANIAN, an individual,<br><br>  Plaintiffs,<br><br>  vs.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, and DOES 1 through 10, inclusive,<br><br>  Defendant. | Case No.: 1:13-CV-00992-AWI-SKO<br><br>**ORDER RE THE PARTIES' DISCOVERY DISPUTE**<br><br>**(Doc. 23.)** |

On February 11, 2015, the parties appeared for a hearing on Defendant's motion to compel. Jeff Reich, Esq., appeared on behalf of Plaintiffs; Bruce Smyth, Esq., appeared telephonically on behalf of Defendant. As set forth in open court, Plaintiffs are ORDERED to produce all EECU bank records, including checks, loan statements, and annual statements, responsive to Defendant's Requests for Production. To the extent those bank records have not been retained by EECU, Plaintiffs shall file a declaration stating whether those documents were in Plaintiffs' possession for purposes of the state court litigation and, if so, why those documents were not preserved for purposes of this litigation. The bank records shall be produced or Plaintiffs shall file their

explanatory declaration by no later than February 20, 2015.

Regarding the mediation privilege asserted by Plaintiffs with respect to RFP No. 16, the express waiver of the privilege in the underlying settlement agreement extends to settlement enforcement proceedings only -- which this is not; the express waiver is not a waiver for all proceedings or purposes. Plaintiffs' assertion that all negotiations following what Plaintiffs contend was a conditional settlement after mediation are covered by the mediation privilege is too broad an interpretation of the mediation privilege. For example, emails identified in the privilege log discuss underlying vehicle sales and title certificates. To the extent those documents were *not* created expressly for the purposes of mediation and would otherwise be discoverable, they SHALL be produced to Defendant by no later than February 20, 2015. As noted at the hearing, any continued assertion of the privilege by Plaintiffs, particularly as it relates to bank documents or vehicle titles exchanged by the state court parties following mediation, must establish a link between the materials asserted to be privileged and what occurred at the mediation.

In view of the Court's clarification of the mediation privilege asserted, the parties are ordered to meet and confer regarding the privilege log (Exhibit 5). The parties agreed in open court that Mr. Smyth will initiate a telephone call to Mr. Reich on February 13, 2015, at 2:30 p.m. If there are remaining disputes regarding the privilege log materials, the parties are to contact Judge Oberto's chambers by telephone.

Upon notification of remaining disputes, the Court will set a further conference to discuss remaining issues. The parties shall file a Joint Statement, as set forth in Local Rule 251, regarding those disputes by no later than 7 calendar days prior to the conference.

Accordingly, IT IS HEREBY ORDERED that:

1. By no later than February 20, 2015, Plaintiffs shall **either**

    a. Produce and serve on Defendant additional pre-2008 EECU documents to the extent they have been retained by EECU; **or**

    b. If no EECU documents prior to 2008 have been retained by EECU, Plaintiffs shall file a declaration stating whether those documents were in Plaintiffs' possession for purposes of the state court litigation and, if so, why those

        documents were not preserved for purposes of this litigation. as indicated above;

2. On February 13, 2015, at 2:30 p.m., the parties shall meet and confer telephonically regarding the privilege log (Exhibit 5) pursuant to the discussion set forth above;

3. If the parties agree on a further production of documents following their meet and confer efforts on February 13, 2015, such production shall be made by no later than February 20, 2015; and

4. If there are remaining disputes following the February 13, 2015, meet and confer, the parties are to contact Judge Oberto's chambers at (559) 499-5790, to request that a follow-up conference be set. The parties shall file a Joint Statement setting forth their respective positions 7 days before the follow-up conference.

IT IS SO ORDERED.

Dated:   **February 12, 2015**                    **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE