# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., A California Corporation, and SONA VARTANIAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvanian Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants.<br>_____/ | Case No.  1:13-cv-00992-AWI-SKO<br><br>**ORDER FOR SUPPLEMENTAL STATEMENT RE SCHEDULE MODIFICATION**<br><br>(Doc. Nos. 61, 62) |

## I.   INTRODUCTION

On November 13, 2015, the parties filed a stipulated request to extend the expert discovery deadlines.  (Doc. 59.)  The request was not supported by good cause, and it was denied on November 16, 2015.  (Doc. 60.)  On November 19, 2015, both parties filed ex parte applications for an extension of the expert deadlines.  (Docs. 61, 62.)

For the reasons set forth below, before a sixth extension of time will be granted under the circumstances of this case, the parties shall provide the supplemental information set forth below on or before November 25, 2015.

## II. PROCEDURAL HISTORY

The original schedule in this matter was set on November 27, 2013. The deadlines, including the trial, were extended on October 2, 2014. (Doc. 17.) On March 9, 2015, the entire schedule was again modified at the parties' request. On April 29, 2015, again citing discovery disputes and difficulty scheduling depositions, the parties requested a schedule modification, including a continuation of the trial date. This request was granted on May 8, 2015.

On July 30, 2015, the parties again stipulated for a wholesale change to the schedule because Plaintiff had broken her ankle and her deposition needed to be continued. This request was also granted. (Doc. 45.) On September 30, 2015, the parties once again filed a stipulated request for a schedule change due to the discovery of two new witnesses, and the parties sought additional time to designate supplemental experts:

> WHEREAS, the current schedule of disclosure of expert testimony allows only four days from the date of the initial disclosure for the parties to provide supplemental disclosure of experts based upon the initial disclosure and Plaintiffs and Philadelphia would like more time to obtain and designate supplemental experts based upon the initial disclosure of experts of the opposing party;
>
> WHEREAS, Plaintiffs and Philadelphia desire to extend the time for non-expert discovery and to continue the dates of the deadlines for disclosure of experts, dispositive and non-dispositive motions;

(Doc. 48.) To maintain the trial date, the pre-trial deadlines were extended, but not to the extent requested by the parties. (Doc. 53.) Twenty-one days later, the parties filed another request for a schedule modification, stating the schedule was simply too aggressive:

> WHEREAS, under the current schedule, the parties must provide expert reports on October 30, 2015, attend the settlement conference on November 2, 2015, counter-designate experts on November 5, 2015, complete expert deposition discovery by November 12, 2015[,] and file non-dispositive and dispositive motions by November 16, 2015, and counsel do not believe that they will be able to accomplish those tasks in that limited time period;

1  (Doc. 55.)  The Court modified the deadlines as proposed by the parties, but because of the
2  additional time requested, the trial could not be accommodated until October 2016.  (Doc. 56.)

3        On November 13, 2015, the parties again sought to extend their expert discovery deadlines
4  indicating they were having difficulty scheduling expert depositions, particularly due to the
5  holidays.  This request was denied for lack of good cause.  (Doc. 60.)

6        On November 19, 2015, both parties filed ex parte applications seeking additional time.
7  They explained expert reports were served on November 13, 2015, that were far more extensive
8  than anticipated.  Philadelphia maintains it is clear from the reports that it will not be able to serve
9  requests for depositions and documents, prepare for the deposition of expert witnesses on
10  extremely complicated and complex topics in the expert reports, obtain and designate
11  supplemental experts and defend the depositions designated by Philadelphia by the current
12  December 3, 2015, deadline and also be able to file dispositive and non-dispositive motions by the
13  December 7, 2015, deadline.  Plaintiffs joined Philadelphia's request, asserting that it "will take
14  substantial time, measured in weeks, not days to properly review [the forensic accountant expert's]
15  work in order to be ready for his deposition."  (Doc. 62.)  Further, Plaintiffs state that they will "in
16  all likelihood designate a supplemental expert to address his opinions,  . . . "[o]ur supplemental
17  expert will need some time to prepare for a meaningful deposition, . . . [and a]nother expert by
18  defendant will also probably require a supplemental expert by plaintiffs.  That will take time."
19  (Doc. 62, 2:9-12.)

20        **III.   DISCUSSION**

21        Pursuant to Rule 16, the Court is required to issue a scheduling order as soon as
22  practicable, and the order "must limit the time to join other parties, amend the pleadings, complete
23  discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  Once a scheduling order has been filed
24  pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's
25  consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the
26  diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
27  604, 609 (9th Cir. 1992).  If the moving party fails to demonstrate diligence, "the inquiry should
28  end."  *Id.*  Good cause may be found, for example, where the moving party shows it assisted the

court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order was issued, and that it was diligent in seeking modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

What the Court finds most concerning about the parties' renewed requests for a schedule modification is the parties' pattern of underestimating the time needed to perform tasks in this litigation. The expert discovery deadlines were modified less than one month ago – exactly as the parties proposed. The existing deadlines were not arbitrarily selected by the Court – they were set based on counsel's representation they had met and conferred meaningfully and had chosen dates that were workable and feasible based on their schedules, their experts' schedules, and counsel's knowledge about the nature and complexity of the issues in the case. Only counsel are privy to all the details of their cases, and as such, the Court relies on the parties to make careful assessments about the time necessary to complete the litigation tasks when requesting a particular schedule be put into effect.[1]

The schedule change requested on October 21, 2015, proposed only a 20-day period between expert disclosure and the close of expert discovery. The sheer number of experts expected to be designated – without even knowing the details of their reports – was probably a good indication this period was too short to complete all the necessary tasks. The Court is not unsympathetic or unaware of the realities of litigation where the unexpected often occurs. Yet the volume of schedule modifications requested by the parties – five alone this year – weave a pattern evidencing a lack of meaningful discussion and consideration of the schedule and the nature of the case, rather than the occurrence of truly unforeseen events that could not have been reasonably anticipated.

---

[1] The Court expended a good deal of time trying to preserve the parties' trial date when they requested a schedule modification on September 30, 2015, while still extending the parties additional time for discovery, knowing that trial-date modification is problematic given Judge Ishii's extremely impacted calendar; trial-date modification can lead to costly delay. When the parties requested another schedule change on October 21, 2015, indicating the most recent schedule modification was simply too aggressive, the trial date was continued to October 2016 and all the pre-trial deadlines were reset as requested to give the parties the additional time they needed to complete discovery and file necessary motions.

From the Court's perspective, twenty days to review expert reports, designate rebuttal experts, prepare for depositions, and complete all expert discovery would be aggressive in nearly any case. Nonetheless, the parties know their cases best and were the only ones privy to their meet and confer discussions in proposing the schedule that is now in place. The Court modified the schedule less than 30 days ago and for the fifth time this year based on the parties' representation that the proposed dates were feasible and realistic given both the nature of the case and the proximity of the deadlines to the holidays.

Therefore, before a sixth extension of time will be granted under these circumstances, proof that the parties have created a workable and feasible schedule is required. To establish they have proposed a feasible expert discovery deadline of January 11, 2016, the parties shall (1) provide the date when each currently disclosed expert will be deposed,[2] and (2) identify five days the parties agree will be set aside for the deposition of any rebuttal witnesses. The five days set aside for rebuttal expert depositions must be selected with sufficient time built in to review any rebuttal expert reports and prepare for such depositions. The parties' schedule modification requests will be entertained only when this supplemental information has been provided.

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. By no later than November 25, 2015, but after meeting and conferring, the parties shall file a supplemental statement setting forth a precise expert deposition schedule as discussed above; and

2. The parties' ex parte applications for a schedule modification will be considered when this supplemental information is provided.

IT IS SO ORDERED.

Dated:   **November 20, 2015**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] These dates should be selected only after counsel confer with each other *and* with the experts regarding their availability.

5