# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., A California Corporation, and SONA VARTANIAN, an individual, | Case No.  1:13-cv-00992-DAD-SKO |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO COMPEL** |
| v. | (Doc. Nos. 68, 71) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvanian Corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I.    INTRODUCTION

On December 21, 2015, Defendant Philadelphia Indemnity Insurance Company ("Defendant") filed a motion to compel. (Doc. 68.)  Pursuant to this Court's Local Rule 251, the parties submitted a Joint Statement re Discovery Disagreement on January 5, 2016.  After reviewing the parties' Joint Statement and supporting materials, the Court finds oral argument is unnecessary pursuant to Local Rule 230(g); as such, the hearing set for January 13, 2016, is VACATED.  For the reasons set forth below, Defendant's motion to compel is DENIED.

1

## II.   PROCEDURAL HISTORY

2      The original schedule in this matter was set on November 27, 2013, which required that all

3 non-expert discovery be concluded by December 12, 2014, all expert discovery concluded by

4 January 20, 2015, and all non-dispositive pre-trial motions, including any discovery motions, were

5 to be filed by no later than January 28, 2015.  (Doc. 9.)  All the deadlines, including the trial, were

6 extended on October 2, 2014, pursuant to the parties' stipulated request.  (Doc. 17.)  On March 9,

7 2015, the entire schedule was again modified at the parties' request.  On April 29, 2015, again

8 citing discovery disputes and difficulty scheduling depositions, the parties requested a schedule

9 modification, including a continuation of the trial date.  This request was granted on May 8, 2015,

10 and all non-expert discovery was to be completed by September 15, 2015, expert discovery was to

11 be completed by October 30, 2015, and all non-dispositive motions were to be filed by October

12 27, 2015.  (Doc. 40.)

13      On July 30, 2015, the parties submitted their **fourth** stipulated request for a wholesale

14 change to the schedule because Plaintiff had broken her ankle and her deposition needed to be

15 continued.  This request was also granted, and non-expert discovery was extended to October 15,

16 2015, expert discovery was extended to November 13, 2015, and the deadline for filing non-

17 dispositive motions was continued to November 16, 2015.  (Doc. 45.)  On September 30, 2015,

18 the parties submitted their **fifth** stipulated request for a schedule change due to the discovery of

19 two new witnesses, and the parties sought additional time to designate supplemental experts:

20
21
22      WHEREAS, the current schedule of disclosure of expert testimony allows only
       four days from the date of the initial disclosure for the parties to provide
       supplemental disclosure of experts based upon the initial disclosure and Plaintiffs
       and Philadelphia would like more time to obtain and designate supplemental
       experts based upon the initial disclosure of experts of the opposing party;

23
24      WHEREAS, Plaintiffs and Philadelphia desire to extend the time for non-expert
       discovery and to continue the dates of the deadlines for disclosure of experts,
       dispositive and non-dispositive motions;

25

26 (Doc. 48.)  To maintain the trial date, the pre-trial deadlines were extended, but not to the extent

27 requested by the parties.  (Doc. 53.)  Twenty-one days later, the parties filed their **sixth** request for

28 a schedule modification, stating the schedule was simply too aggressive:

2

> WHEREAS, under the current schedule, the parties must provide expert reports on October 30, 2015, attend the settlement conference on November 2, 2015, counter-designate experts on November 5, 2015, complete expert deposition discovery by November 12, 2015[,] and file non-dispositive and dispositive motions by November 16, 2015, and counsel do not believe that they will be able to accomplish those tasks in that limited time period;

(Doc. 55.)   The Court modified the deadlines as proposed by the parties, but because of the additional time requested, the trial could not be accommodated until October 2016.  (Doc. 56.)

On November 13, 2015, the parties filed their **<u>seventh</u>** schedule modification request seeking to extend *only* their expert discovery deadlines indicating they were having difficulty scheduling expert depositions, particularly due to the holidays.  The parties expressly indicated they had "completed non expert discovery within the Court's deadline of November 9, 2015." (Doc. 59.)  This request was denied for lack of good cause.  (Doc. 60.)

On November 19, 2015, both parties filed ex parte applications seeking modification of the schedule. They explained the expert reports served on November 13, 2015, were far more extensive than anticipated.  Defendant maintained it was clear from the reports that it would not be able to serve requests for depositions and documents, prepare for the deposition of expert witnesses on the extremely complicated and complex topics addressed in the expert reports, obtain and designate supplemental experts, and defend the depositions noticed by Plaintiffs by the December 3, 2015, deadline and also be able to file dispositive and non-dispositive motions by the December 7, 2015, deadline.   Plaintiffs joined Defendant's request, asserting that it "will take substantial time, measured in weeks, not days to properly review [the forensic accountant expert's] work in order to be ready for his deposition."  (Doc. 62.)   In seeking to reset only the expert deadlines, the parties never sought to extend the non-expert discovery or noted that they were having continued disputes over non-expert discovery matters; they represented their non-expert discovery was completed.  (Doc. 59.)

On November 23, 2015, the Court issued an order noting its concerns about the parties' repeated requests for schedule modifications:

> What the Court finds most concerning about the parties' renewed requests for a schedule modification is the parties' pattern of underestimating the time needed to perform tasks in this litigation.  The expert discovery deadlines were

3

modified less than one month ago – exactly as the parties proposed. The existing deadlines were not arbitrarily selected by the Court – they were set based on counsel's representation they had met and conferred meaningfully and had chosen dates that were workable and feasible based on their schedules, their experts' schedules, and counsel's knowledge about the nature and complexity of the issues in the case. Only counsel are privy to all the details of their cases, and as such, the Court relies on the parties to make careful assessments about the time necessary to complete the litigation tasks when requesting a particular schedule be put into effect.[1]

The schedule change requested on October 21, 2015, proposed only a 20-day period between expert disclosure and the close of expert discovery. The sheer number of experts expected to be designated – without even knowing the details of their reports – was probably a good indication this period was too short to complete all the necessary tasks. The Court is not unsympathetic or unaware of the realities of litigation where the unexpected often occurs. Yet the volume of schedule modifications requested by the parties – five alone this year – weave a pattern evidencing a lack of meaningful discussion and consideration of the schedule and the nature of the case, rather than the occurrence of truly unforeseen events that could not have been reasonably anticipated.

From the Court's perspective, twenty days to review expert reports, designate rebuttal experts, prepare for depositions, and complete all expert discovery would be aggressive in nearly any case. Nonetheless, the parties know their cases best and were the only ones privy to their meet and confer discussions in proposing the schedule that is now in place. The Court modified the schedule less than 30 days ago and for the fifth time this year based on the parties' representation that the proposed dates were feasible and realistic given both the nature of the case and the proximity of the deadlines to the holidays.

Therefore, before a sixth extension of time will be granted under these circumstances, proof that the parties have created a workable and feasible schedule is required. To establish they have proposed a feasible expert discovery deadline of January 11, 2016, the parties shall (1) provide the date when each currently disclosed expert will be deposed, and (2) identify five days the parties agree will be set aside for the deposition of any rebuttal witnesses. The five days set aside for rebuttal expert depositions must be selected with sufficient time built in to review any rebuttal expert reports and prepare for such depositions. The parties' schedule modification requests will be entertained only when this supplemental information has been provided.

On November 25, 2015, the parties filed a supplemental statement setting forth exactly what expert discovery remained and provided a schedule for completing that discovery. Pursuant to the parties' representations that this was the limit of the outstanding discovery, the Court

---

[1] The footnotes included in this portion of the November 23, 2015, order were omitted.

4

1  modified the remaining scheduling deadlines for the **seventh** time.[2]  Expert discovery was

2  extended to January 15, 2016, non-dispositive and dispositive motion filing deadlines were

3  extended to January 25, 2016.[3]

4        On December 21, 2015, Defendant filed a motion to compel documents and further non-

5  expert third-party deposition testimony pursuant to Rules 45 and 37.  (Docs. 68, 71.)  Defendant

6  deposed third-party witness Zane Averback, former counsel for Plaintiff Sona Vartanian in a state

7  court action, on October 30, 2015, just prior to the November 9, 2015, discovery deadline.  A

8  subpoena was also issued requiring Mr. Averback to produce certain documents at the time of the

9  deposition.  (Doc. 71-1.)  During the deposition, Mr. Averback asserted the attorney-client

10 privilege with respect to certain of Defendant's counsel's questions, and certain documents were

11 not produced pursuant to an asserted privilege.  Nearly two months after this deposition and after

12 the close of non-expert discovery, Defendant seeks to compel further testimony and documents

13 from Mr. Averback.  It is this discovery motion that is pending before the Court.

### III.   DISCUSSION

15       Although Defendant's motion is technically non-dispositive nature and was filed prior to

16 the deadline to file a non-dispositive motion, the motion seeks to compel further discovery months

17 after the non-expert discovery deadline has passed.[4]

18 **A.   Defendant's Motion to Compel is Untimely**

19       Courts within the Ninth Circuit have frequently denied motions to compel filed after the

20 close of discovery.  *See, e.g., Kizzee v. Walmart, Inc.*, No. CV 10-0802-PHX-DGC, 2011 WL

21 3566881 (D. Ariz. Aug. 15, 2011) (denying motion to compel filed three months after the close of

22 discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, No. CV-09-

23

---

[2] This was the sixth modification to the schedule in 2015 alone.

[3] Non-expert discovery had closed on November 9, 2015, and the parties did not ask for that deadline to be extended, representing only deadlines related to experts needed modification.

[4] Case law clearly establishes that subpoenas under Rule 45 are discovery and must be utilized within the time period permitted for discovery in a case.  *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) (citing *Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed. R. Civ. P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery)).

2152-PHX-SMM (LOA), 2010 WL 4602935 (D. Ariz. Nov. 5, 2010) (motion to compel filed over three months after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 WL 2695662 (D. Nev. July 2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely).

In *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006), a motion to compel discovery filed two weeks after an extended discovery deadline was denied as untimely.  In a comprehensive analysis of cases throughout the federal judiciary, the district court concluded "courts generally looked to the deadline for completion of discovery in considering whether a motion to compel has been timely filed[,]" citing, among other cases, *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying a motion to compel discovery after discovery closed and defendants had filed their summary judgment motion); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to the contention that the district court's denial of discovery motion was error where the motion was filed after the date set by the court for the completion of discovery and plaintiffs gave no excuse for tardiness); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed and summary judgment motion was filed); *Ginett v. Federal Express*, 166 F.3d 1213 (6th Cir. 1998) (unpublished) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline because the plaintiff knew of the document at issue long before the discovery deadline); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court").

The *Days Inn Worldwide* court identified several factors district courts and appellate courts consider in analyzing the timeliness issue of a motion to compel:  (1) the length of time since expiration of the deadline; (2) the length of time the moving party has known about the discovery;

1  (3) whether the discovery deadline has been previously extended; (4) the explanation for the

2  tardiness or delay; (5) the age of the case; (6) any prejudice to the party from whom the discovery

3  is sought; and (7) disruption of the court's schedule.  *Id.* 237 F.R.D. at 398.

4        Turning to the facts in this case, Defendant's motion to compel is untimely.  Although filed

5  within the deadline for non-dispositive motions generally, the motion seeks to compel discovery

6  beyond the November 9, 2015, non-expert discovery deadline.  Considering the factors identified

7  by *Days Inn Worldwide* solidifies this conclusion.  Defendant's motion to compel was filed nearly

8  two months after non-expert discovery closed.  Defendant was aware on October 30, 2015, the

9  date of the deposition, that certain information and testimony was withheld pursuant to a privilege,

10  yet no motion to compel was filed at that time.  A party seeking to compel discovery must protect

11  itself by filing a motion promptly.  *Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D.

12  Miss. 2001) (holding that "if the conduct of a respondent to discovery necessitates a motion to

13  compel, the requester of the discovery must protect himself by timely proceeding with the motion

14  to compel.  If he fails to do so, he acts at his own peril").  In seeking extensions of the discovery

15  deadlines on November 13, 2015, not only did the parties request modification to only the expert

16  discovery deadlines, they specifically represented to the Court that all non-expert discovery had

17  been **completed** prior to November 9, 2015.  (Doc. 59.)  Defendant's motion to compel is a clear

18  indication this representation was false.

19       As previously noted, the parties have demonstrated a long history of underestimating the

20  time necessary to complete tasks within their scheduling deadlines.  The schedule has already been

21  modified **seven** times; the most recent modification was ordered on November 30, 2015, on the

22  express representation of the parties that only expert discovery was yet to be completed.  No

23  mention of outstanding non-expert discovery issues was reported by the parties – in fact, they

24  maintained just the opposite.

25       Defendant offers no explanation why this motion was filed nearly two months after the

26  deposition of Mr. Averbach, which occurred on October 30, 2015.  Defendant has been aware of

27  Mr. Averbach's assertion of privilege since he invoked it at his deposition and never contacted the

28  Court or sought to challenge that assertion at any time prior to this motion.  There is no

1    discernable reason why this motion could not have been filed two months ago, prior to the close of

2    discovery.  *See* 8 A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal

3    Practice & Procedure § 2285 (3d ed.) (generally, if moving party unduly delays in filing motion

4    for an order compelling discovery, court may conclude the motion is untimely).  Further, the Court

5    employs an informal discovery dispute process the parties could have requested without the formal

6    notice requirements of Rule 251, or Defendant could have contacted the Court on the date of Mr.

7    Averbach's deposition on October 30, 2015.  *See* Rule 37(a)(3)(C) (providing the option to adjourn

8    the examination to move for an order compelling an answer before completing the deposition).

9    Defendant elected not to employ any of these options, however.

10           Moreover, this case is nearly three years old:  it was removed to the district court on June

11   27, 2013, after having been filed in state court on May 8, 2013.  (Doc. 1.)  The age of this case is

12   largely attributable to the parties' numerous requests to modify the schedule as it relates to non-

13   expert and expert discovery.  While no motion for summary judgment has been filed yet, the

14   deadline to do so is January 25, 2016, only two weeks from now.  Extending non-expert discovery

15   again will almost certainly require modification to the dispositive motion filing deadline, and may

16   implicate further expert discovery.  Allowing discovery long after the deadline and after the

17   parties had previously represented discovery had been completed creates a disruption to the

18   orderly administration of this litigation and will potentially protract a case that has been pending

19   on this Court's docket for nearly three years.  Simply put, Defendant's motion is untimely.

20   **B.      Defendant Has Not Demonstrated Good Cause Necessary to Modify the Schedule**

21           Even if Defendant's motion to compel were considered timely – which it is not – the

22   further discovery sought by the motion will necessarily require modification to the scheduling

23   order because discovery has closed, and the dispositive motion filing deadline is imminent.  *See*

24   *Gucci America, Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136 (S.D.N.Y. 2011) (party seeking to file a

25   motion to compel after discovery has closed must establish good cause, even though the rule does

26   not establish time limits for such a motion).

27           Pursuant to Rule 16, the Court is required to issue a scheduling order as soon as

28   practicable, and the order "must limit the time to join other parties, amend the pleadings, complete

1  discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  Once a scheduling order has been filed

2  pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's

3  consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the

4  diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

5  604, 609 (9th Cir. 1992).  If the moving party fails to demonstrate diligence, "the inquiry should

6  end." *Id.*  Good cause may be found, for example, where the moving party shows it assisted the

7  court with creating a workable scheduling order, that it is unable to comply with the scheduling

8  order's deadlines due to matters not reasonably foreseeable at the time the scheduling order was

9  issued, and that it was diligent in seeking modification once it became apparent it could not

10  comply with the scheduling order.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.

11  1999).

12  The parties made express representations to the Court in November regarding the

13  outstanding discovery: they claimed non-expert discovery was completed.  (Doc. 59.)  This

14  representation was made after Mr. Averbach's deposition and the need for a motion to compel

15  further testimony was known to Defendant.  Defendant has stated no reason why it took nearly

16  two months to file a motion to compel or why it was represented to the Court in seeking other

17  schedule modifications that non-expert discovery was completed when it apparently was not.  For

18  all these reasons, the motion to compel is untimely, and Defendant has not demonstrated diligence

19  to support an eighth extension of the case deadlines.

20  
21  
22  
23  
24
> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.  Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

25  *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

26  ///

27  ///

28

1

**IV.   CONCLUSION AND ORDER**

2        For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion to

3  compel is DENIED as untimely and there is no good cause to support a schedule modification.

4

IT IS SO ORDERED.

5

6  Dated:   **January 11, 2016**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28