1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PACIFIC MARINE CENTER, INC., a                No.  1:13-cv-00992-DAD-SKO
     California corporation, and SONA
12   VARTANIAN, an individual,

13                  Plaintiffs,                    ORDER DENYING DEFENDANT'S
                                                  REQUEST FOR RECONSIDERATION OF
14          v.                                    MAGISTRATE JUDGE'S ORDER DENYING
                                                  DEFENDANT'S MOTION TO COMPEL
15   PHILADELPHIA INDEMNITY                       DATED JANUARY 11, 2016
     INSURANCE COMPANY, a Pennsylvania
16   corporation, and DOES 1 through 10,          (Doc. No. 74)
     inclusive,
17
                    Defendants.
18

19

20          Pursuant to the fifth such stipulation entered between the parties and approved by the

21   court, on October 22, 2105 the scheduling order in this case was amended to continue the

22   deadline for completion of non-expert discovery to November 9, 2015.  (Doc. No. 56.)  In the

23   motion to compel defendant asserted that, at a deposition on the final day for non-expert

24   discovery, November 9, 2015, the deponent (who was plaintiffs' former counsel in a state court

25   matter) asserted the attorney-client privilege with respect to certain conversations and refused to

26   produce thirteen documents listed in the privilege log.  (Doc. No. 74.)  On November 13, 2015,

27   the parties filed a stipulation with the court seeking an extension of deadlines with respect to

28   expert discovery.  (Doc. No. 59.)  In that filing, however, the parties informed the court that non-

                                                   1

1    expert discovery was completed on November 9, 2015.  (Doc. No. 59.)  No mention of any

2    discovery dispute was brought to the assigned magistrate judge's attention at that time.

3          Instead, counsel for defendant filed a notice of a motion to compel deposition testimony

4    and production of the withheld documents on December 21, 2015, six weeks after the close of

5    non-expert discovery.  (Doc. No. 68.)  The motion to compel itself was not filed until January 5,

6    2016.  (Doc. No. 71.)  The assigned magistrate judge denied defendant's motion, noting first that

7    it was untimely, because it was filed after the close of non-expert discovery, and second, that no

8    good cause was shown for the defendant's lack of diligence in seeking the discovery in question.

9    (Doc. No. 73.)  Among other things, the assigned magistrate judge pointed out that the scheduling

10   order in this case has already been modified seven times at the request of the parties; that

11   following the deposition in question the parties had advised the court that non-expert discovery

12   was completed; and that defendant's counsel had failed to alert the court to this discovery dispute

13   in the six weeks that elapsed between the assertion of privilege at the deposition and the noticing

14   of the motion to compel, despite the practice of informal resolution of discovery disputes the

15   assigned magistrate judge maintains and of which the parties were aware.  (Doc. No. 73, at 5–9.)

16         Defendant now seeks reconsideration of the assigned magistrate judge's order (Doc. No.

17   73), claiming that the order was clearly erroneous and contrary to law for four reasons:  (1)

18   because the magistrate judge's order incorrectly stated that the deposition in question occurred on

19   October 31, 2015 instead of November 9, 2015; (2) the defendant actually acted as promptly as

20   allowed under the local rules for noticing this type of motion and setting it on the calendar; (3) the

21   magistrate judge was incorrect when she stated discovery motions needed to be filed prior to the

22   non-expert discovery deadline, rather than the deadline for non-dispositive motions; and (4) the

23   order rewards plaintiffs, who both disclosed the witness late and then asserted the attorney-client

24   privilege at a time not expected by defendant.  (Doc. No. 74, at 2.)

25         It is clear from the points and authorities provided in support of the current motion that

26   defendant really has two points to make:  first, that the order complained of was erroneously

27   denied because the case scheduling order contemplates that discovery motions may be filed after

28   /////

1   the close of non-expert discovery; and second, that the denial of this motion improperly rewards

2   the plaintiff's late disclosure of its intent to exercise the attorney-client privilege.

3       **I.**    **Standards**

4       Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may

5   be decided by a magistrate judge, subject to reconsideration by the district judge. *See also* Local

6   Rule 303(c). The district judge shall, upon reconsideration, modify or set aside any part of the

7   magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule

8   303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial

9   motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the

10  "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-*

11  *Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate's factual

12  determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to

13  determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–

14  1201 (9th Cir. 984), *overruled on other grounds* by *Estate of Merchant v. CIR*, 947 F.2d 1390

15  (9th Cir. 1991). "The magistrate's legal conclusions are reviewed de novo to determine whether

16  they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)

17  (internal citations and quotations omitted). "A magistrate judge's decision is 'contrary to law' if

18  it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails

19  to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No.

20  1:10–cv–00156–LJO–MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal

21  quotations and citations omitted).

22      Further, the Ninth Circuit has noted the "district court is given broad discretion in

23  supervising the pretrial phase of litigation." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir.

24  2003) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

25  "District courts have inherent power to control their dockets" up to and including dismissal of a

26  matter. *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citing *Hamilton Copper & Steel* /////

27  /////

28  /////

3

1    *Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)).  This clearly includes the

2    ability of a district court to enforce scheduling orders.[1]

3    **II.      Analysis of the Magistrate Judge's Order**

4          The defendant finds fault with the magistrate judge's analysis because, in many of the

5    decisions cited by the magistrate judge in her order, the discovery motion at issue was filed after

6    the deadline for motions in the case.  (Doc. No. 74, at 7–9.)  Defendant, however, cites to no

7    decisions indicating the magistrate judge applied an incorrect legal standard, failed to consider an

8    element of an applicable standard, or failed to apply relevant statutes, case law, or rules of

9    procedure.  *See Martin*, 2014 WL 3563312 at *1.

10         Magistrate Judges in this district are heavily relied upon to complete much of the work

11   related to discovery, as the Eastern District of California has approximately eight million

12   residents and only six non-senior District Judges.  *See* Local Rule 302(c)(1) (specifically

13   assigning all discovery motions in civil matters to magistrate judges).  A magistrate judge's

14   decision on a discovery issue will not be reconsidered unless it is found to be "contrary to law."

15   Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A).

16         As noted by the assigned magistrate judge here, the parties here have sought (and been

17   granted) seven modifications of the scheduling order originally put into place to govern the

18   litigation of this action.  The parties expressly represented to the court that non-expert discovery

19   was complete on November 13, 2015, *after* the complained-of deposition occurred.  (Doc. No.

20   59.)  Defendant knew when it filed the stipulation that plaintiff had asserted the attorney-client

---

21          [1] The scheduling order "controls the course of the action" unless modified by the Court.
22   *Fed. R. Civ. P. 16(d)*.  Orders entered before the final pretrial conference may be modified only
     upon a showing of "good cause."  *Fed. R. Civ. P. 16(b); see also Johnson*, 975 F.2d at 608.  Rule
23   16(b)'s "good cause" standard primarily considers the diligence of the party seeking the
     amendment.  *Johnson*, 975 F.2d at 609.  The district court may modify the pretrial schedule "if it
24   cannot reasonably be met despite the diligence of the party seeking the extension."  *Fed. R. Civ.
     P. 16* Advisory Committee's Notes (1983 amendment); *Johnson*, 975 F.2d at 609.
25   "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of
     relief."   *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party
26   opposing the modification might supply additional reasons to deny a motion, the focus of the
     inquiry is upon the moving party's reasons for seeking modification."  *Id*.  If the moving party
27   was not diligent, the Court's inquiry should end.  *Id*.; *see also Sutter Davis Hospital v. United
     States*, No. CIV. 2:12-2407 WBS GGH, 2014 WL 28817, at *1 (E.D. Cal. Jan. 2, 2014).
28

1  privilege, and yet did not advise the court of any anticipated discovery dispute in its November 13

2  filing. (Doc. No. 73, at 9.) Further, the assigned magistrate judge makes available to the parties

3  an informal discovery dispute process of which the parties in this case were aware and could have

4  availed themselves without any of the formal requirements of Rule 251. Accordingly,

5  defendant's contention that there was insufficient time to alert the court to the potentially

6  disruptive discovery issue is unsupported and unpersuasive. (Doc. No. 73, at 8.)

7          It is true the initial scheduling order in this action could be read as suggesting the non-

8  dispositive motion deadline included discovery motions. (Doc. No. 9 at 4) ("All non-dispositive

9  motions, including any discovery motions, shall be filed by no later than 4:00 p.m. on January 28,

10  2015, and heard on or before February 25, 2015.").) It is also true, however, that the order

11  specifically stated the parties were to "complete all discovery pertaining to non-experts on or

12  before December 12, 2014, and all discovery pertaining to experts on or before January 20,

13  2015." (Doc. No. 9, at 4.) While the scheduling orders could have been clearer in this regard, if

14  defendant's counsel was confused as to which deadline set forth in the scheduling order covered

15  the instant motion, counsel should have sought clarification from the court over the course of the

16  many modifications of that order by stipulation of the parties. This is especially true where, as

17  here counsel was well aware the magistrate judge was available for informal discovery dispute

18  resolution. (*See, e.g.*, Doc. Nos. 15, 18, 19, 20, 22, 47.) It was at least incumbent on defendant's

19  counsel not to represent in a filing with the court that non-expert discovery was complete when

20  disputes remained that the defendant wished the court to address. The fact that defense counsel

21  can point to one case in which a district court allowed a motion to compel to be brought after the

22  discovery cut-off date, *see M2 Software, Inc. v. M2 Communications, L.L.C.*, 217 F.R.D. 499

23  (C.D. Cal. 2003), falls far short of demonstrating that the magistrate judge's use of an incorrect

24  legal standard, failure to consider an element of the applicable standard, or failure to apply

25  relevant statutes, case law, or rules of procedure. *Martin v. Loadholt*, No. 1:10–cv–00156–LJO–

26  MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).

27  /////

28  /////

5

Here, the magistrate judge did not act "contrary to law." 28 U.S.C. § 636(b)(1)(A).

Accordingly, defendant's motion for reconsideration (Doc. No. 74) is denied.

IT IS SO ORDERED.

Dated:   **January 29, 2016**

_____

UNITED STATES DISTRICT JUDGE

6