UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendant. | No. 1:13-cv-00992-DAD-SKO<br><br>ORDER DENYING MOTIONS IN LIMINE<br><br>(Doc. Nos. 153, 154) |

On September 27, 2016, defendant filed three motions in limine in connection with the upcoming trial on the remaining claims in this action. (Doc. Nos. 152, 153, 154.) Plaintiff opposed the motions in limine on October 4, 2016. (Doc. Nos. 162, 163, 164.) The court held a hearing on the first motion in limine, which concerned potential bifurcation of the trial, on October 12, 2016 and denied that motion on the record. The court now denies the remaining two motions in limine, concluding that neither is suitable for determination in advance of trial.

Defendant's second motion in limine seeks to exclude on relevancy grounds testimony from the Person Most Knowledgeable from the Department of Motor Vehicles, whom defendant anticipates will testify on the issue of whether the DMV is a law enforcement agency. (Doc. No. 153.) While the ultimate relevancy of this anticipated testimony is far from clear to the court, the relevancy standard is a low bar, as the evidence need only have "any tendency" to make a fact of consequence more or less probable in order to be deemed relevant. Fed. R. Evid. 401. Without

knowing specifically what the testimony will be, this matter is not suitable to a decision prior to trial.  Similarly, trial testimony from Dr. Reicherter—the subject of defendant's third motion in limine—may conceivably be relevant to the court in deciding whether Sona Vartanian acted as one might expect following a theft.  (*See* Doc. No. 154.)  Before hearing the specific questions to be asked of this witness, and perhaps the testimony in response to those questions, the court is not capable of ruling on the relevance of the testimony in advance of trial.  Of course, relevancy objections to any particular testimony may still be raised at trial.

**Conclusion**

Defendant's motions in limine (Doc. Nos. 153, 154) are denied without prejudice to objections to specific testimony being raised at trial.

IT IS SO ORDERED.

Dated:   **October 12, 2016**                              _____
                                                                                        UNITED STATES DISTRICT JUDGE