UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., | No. 1:13-cv-00992-DAD-SKO |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO RE-TAX COSTS IN PART |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | (Doc. No. 221) |
| Defendant. | |

This case is currently before the court on plaintiff's motion to re-tax costs under Local Rule 292(e) and Federal Rule of Civil Procedure 54(d). (Doc. No. 221.) A hearing on the motion was held on December 5, 2017, at which attorney Jeff Reich appeared on behalf of plaintiff and attorney Stacy Chau appeared on behalf of defendant. Having considered the submissions of the parties and for the reasons discussed below, the court will grant plaintiff's motion in part.

**BACKGROUND**

Following a bench trial in October 2016, this court issued findings of fact and conclusions of law and entered judgment in favor of the defendant on March 31, 2017. (Doc. Nos. 198, 199.) On April 14, 2017, defendant submitted a bill of costs seeking $203,237.60, which plaintiff opposed on April 20, 2017. (Doc. Nos. 200–02.) On October 18, 2017, the Clerk of the Court taxed costs of $44,161.93 against plaintiff. (Doc. No. 220.) Plaintiff filed the instant motion to re-tax costs, asserting the costs awarded to defendant should be further reduced. (Doc. No. 221.)

Defendant filed an opposition to this motion on November 20, 2017. (Doc. No. 222.) Plaintiff submitted no reply.

## LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). A district court declining to award costs to the prevailing party must specify its reasons for doing so, while a district court following the presumption need not specify any reason for its decision. *Id.* at 945. While the Clerk of the Court may tax costs on fourteen days' notice, those taxed costs may be reviewed by a motion filed within seven days thereafter. *See* Fed. R. Civ. P. 54(d)(1).

A party may only be made to pay the costs which were "necessarily incurred in the case." 28 U.S.C. § 1924; L.R. 292(b). The Supreme Court has emphasized that "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560, 573 (2012). Recently, the Ninth Circuit reiterated this principle, observing that "the better course" when deciding whether to award specific costs to a prevailing party is "to hew closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope." *Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957–59 (9th Cir. 2013); *see also In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that 'merely added to the convenience of counsel' or the district court.").[1]

/////

/////

---

[1] The undersigned has previously defined the word "necessarily" to mean "in such a way that it cannot be otherwise; inevitably, unavoidably." *See Maner v. County of Stanislaus*, No. 1:14-cv-01014-DAD-MJS, 2016 WL 8730741, at *4 (E.D. Cal. Oct. 28, 2016) (quoting Webster's Third New Int'l Dictionary 1510 (Philip Babcock Gove, ed. 1986)).

**ANALYSIS**

Plaintiff objects to two categories of costs taxed by the Clerk of Court in this action: those taxed for transcripts and those taxed for exemplification and copying expenses. Each is addressed in turn below.

**A.     Transcript Costs**

Fees for transcripts that were "necessarily obtained for use in the case" generally may be taxed against the party that did not prevail. 28 U.S.C. § 1920(2); L.R. 292(f)(3). The Clerk of the Court here taxed costs of $23,382.29, reduced from $24,653.44, for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." (Doc. No. 220.) Plaintiff maintains that costs for depositions that were not used at trial and for transcripts of the trial itself should not be allowed to be recovered as costs, presumably because they were not "necessarily obtained." (Doc. No. 221-1 at 2.) Additionally, plaintiff argues that, of the two deposition transcripts—for Zane Averbach and Sona Vartanian—that were actually used at trial, Sona Vartanian's deposition was "excessive being taken over 5 days which was unreasonable and should not be an allowed cost." (*Id.*) Defendant argues that because all the deposition transcripts were procured "as a reasonable part of the pretrial preparation of the case," the costs taxed by the Clerk should be allowed in full. (Doc. No. 222 at 3.)

Neither party fully articulates the correct standard here. Plaintiff does not explain why a deposition transcript must be used at trial in order to be "necessarily obtained," and defendant's assertion that these transcripts were a "reasonable part of the pretrial preparation" likewise does not fully demonstrate necessity. Some judges of the Eastern District of California have allowed the taxing of costs for deposition transcripts for substantially all depositions obtained as part of a case, so long as they concerned an issue that was before the court. *See Barnett v. S. Cal. Edison Co. Long Term Disability Plan*, No. 1:12-cv-00130-LJO-SAB, 2013 WL 6230270, at *2 (E.D. Cal. Dec. 2, 2013) (taxing full cost of transcript for deposition solely for that case, and half cost of transcripts for deposition conducted as part of two parallel cases); *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, No. CV-F-99-5583 OWW/SMS, 2010 WL 3037500, at *7 (E.D. Cal. Aug. 2, 2010); *Terry v. Allstate Ins. Co.*, No. S-05-2261 RRB DAD, 2007 WL 3231716, at *3–4 (E.D. Cal. Nov.

3

1, 2007) (awarding costs for depositions concerning issues before the court, but not those concerning issues not before the court). Still other judges of this court have allowed taxing of costs for deposition transcripts if "the deposition reasonably seemed necessary at the time it was taken." *Gregorie v. Alpine Meadows Ski Corp.*, No. CIV S-08-259 LKK/DAD, 2011 WL 590605, at *2 (E.D. Cal. Feb. 10, 2011) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2676); *Estate of Le Blanc v. City of Lindsay*, No. CV-F-04-5971-DLB, 2007 WL 2900515, at *2 (E.D. Cal. Sept. 28, 2007) ("The transcripts need not be absolutely indispensable, it is enough if they are 'reasonably necessary.'"). Given the Ninth Circuit's admonition that courts should "hew closely to the statute's language, scheme, and context" and recognize "that § 1920 is narrow, limited, and modest in scope," *Kalitta Air LLC*, 741 F.3d at 957–59, the court will follow the latter approach. Therefore, deposition costs will only be allowed if it is established that they were reasonably necessary for the preparation of the case.

Defendant seeks costs for the deposition transcripts of the following eighteen individuals: (1) Elaine Barajas; (2) John Kirby; (3) Sona Vartanian; (4) Thomas Nast; (5) Hagop Vartanian; (6) Michael Froehlich; (7) Randolf Krbechek; (8) Michael Makredes; (9) David Harris; (10) Mardig Krikorian; (11) Barry Cohen; (12) David Peterson; (13) Thomas Leith; (14) Howard Gastwirth; (15) Stan Deakin; (16) James Schratz; (17) Zane Averbach; and (18) Robert Roy Hastey. (Doc. No. 200-1 at 3–4.)

The court will allow the taxing of costs for the transcripts of a number of depositions taken in this case. Ms. Barajas was the insurance broker who sold the policy in question to Pacific Marine Center. Sona Vartanian was previously a plaintiff in this case and one of the main participants in the central dispute that underlay the insurance claim at issue here. Hagop Vartanian was the other party to that dispute. Thomas Nast was the family lawyer who arranged the intra-family transaction between Sona and Hagop prior to Hagop surrendering to serve his prison sentence. Mr. Cohen was Sona's attorney at some point following the commencement of the dispute and submitted the initial claim to defendant on behalf of Sona. Mr. Leith was

/////

/////

4

defendant's claims adjuster. Mr. Gastwirth was plaintiff's accountant.[2] Mr. Deakin, Mr. Schratz, and Mr. Hastey were all expert witnesses. All of these individuals testified at the trial in this action. The court finds that the taking of the depositions of these individuals was reasonably necessary to the preparation and presentation of this case, and the costs of the deposition transcripts for each of them will be taxed against plaintiff.

The court will also allow the taxing of costs for deposition transcripts for two individuals who did not testify at trial. Mr. Makredes was an employee of Pacific Marine, the business at the center of the dispute here. During the summary judgment stage of this action, testimony from Makredes was presented concerning Hagop's sale and purchase of boats for the company, behavior that was relevant to one of the main arguments advanced by defendant. Additionally, Mr. Averbach's deposition testimony was read into the record at trial in lieu of live testimony. Moreover, plaintiff does not contest the taxing of the cost associated with this deposition. The court will allow costs to be taxed for the deposition transcripts of both these individuals, as the depositions were reasonably necessary for the preparation of this case.

Meanwhile, Kirby, Krbechek, Harris, Krikorian, Froehlich, and Peterson did not testify at trial. A small amount of evidence drawn from some of their depositions was presented in connection with the parties' cross-motions for summary judgment, but that evidence was *de minimis* at best. Defendant has provided no explanation as to why these depositions were reasonably necessary for the preparation and presentation of this case. The costs associated with transcripts of these depositions will, accordingly, be disallowed.

Additionally, defendant included in its costs $850.00 for rough draft trial transcripts from the bench trial in this action. (Doc. No. 200-1 at 4.) Defendant was not required to obtain these

---

[2] The invoice for Gastwirth's deposition transcripts includes a $462.38 fee for expediting the transcript within three days, and a $25.00 fee for "parking." (*See* Doc. No. 200-4 at 20.) Neither of these is a cost typically associated with obtaining deposition transcripts, and no explanation for their necessity has been provided by defendant. The court will disallow them, as well as similar costs with respect to the depositions of Deakin (*id.* at 21 ($25.00 parking charge)), Schratz (*id.* at 22 ($355.00 charge for "conference room")), Hastey (*id.* at 26 ($196.35 expediting charge); *id.* at 27 ($270.00 charge for "video conferencing site")), and Gastwirth's second deposition (*id.* at 28 ($245.03 expediting charge and $25.00 parking charge)).

5

trial transcripts. Rather, these transcripts were clearly obtained solely for defense counsel's benefit and convenience. Since they were not "necessarily obtained" in order to litigate this action, the costs associated with these trial transcripts will be disallowed.

The allowed transcript costs are as follows:

1. Elaine Barajas – $1,067.76
2. Sona Vartanian – $1,303.65 (Volume One); $1,269.00 (Volume Two); $1,152.05 (Volume Three); $1,537.55 (Volume Four); $1,364.35 (Volume Five)
3. Thomas Nast – $1,045.10
4. Hagop Vartanian – $1,034.65 (Volume One); $625.60 (Volume Two); $804.36 (Volume Three)
5. Michael Makredes – $367.30
6. Barry L. Cohen – $499.20
7. Thomas Leith – $291.90
8. Howard Gastwirth – $1,423.44
9. Stan Deakin – $1,145.00
10. James Schratz – $1,700.45
11. Zane Averbach – $323.51
12. Robert Hastey – $920.63

**B.    Exemplification and Copying Costs**

A prevailing party may be awarded costs in connection with "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); L.R. 292(f)(5). The Ninth Circuit has adopted "[a] narrow construction of § 1920(4) [which] requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 930 (9th Cir. 2015). Simply because the document production process used by the attorneys "requires the creation of a copy does not establish that the copy is necessarily obtained for use in the case." *Id.* For instance, since a lawyer reviewing documents for privilege purposes might review those documents on either her own computer or

the client's computer, the costs of transferring those documents from the client's computer to her computer are not "necessarily" incurred for the litigation. *Id.*

Here, defendant identifies no authority requiring it to incur the $14,505.12 in copying charges it now seeks to recover as costs. (*See* Doc. No. 200-1 at 5–8.) Moreover, it is largely unclear why the charges were incurred, as many are simply labelled "Copying" and provide a date range with no explanation of what was copied or why. (*Id.*) Nor do the invoices themselves provide further illumination as to what was copied or why.[3] (Doc. No. 200-7.) Defense counsel's contention that this case was "paper-intensive," as well as counsel's provision of general examples of items that may have been copied (*see* Doc. No. 222 at 3), does little to explain what copies were actually "necessarily obtained" for the litigation and what their corresponding costs were. Finally, it is clear that a number of the charges listed on these invoices are not for copying fees. (*See* Doc. No. 200-7 at 18 (charges for subpoena services); *id.* at 23 (deposition transcripts); *id.* at 26 (delivery services)). Given the lack of information about what was copied and why the copying was necessary—the other charges notwithstanding—the court cannot conclude that any of these expenses were "necessarily" incurred in the litigation. These copying costs will therefore be disallowed in their entirety.

### C. Other Costs

Plaintiff does not contest the other costs taxed, including $835.00 for fees of the Clerk of the Court, $4,474.02 for fees for service of summons and subpoena, $1,016.70 for fees and disbursements for printing, or $669.49 for fees for witnesses. (*See* Doc. No. 220.) These costs are appropriate and will therefore be taxed.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to re-tax costs (Doc. No. 221) will be granted in part and the above identified amounts are deducted from the total costs taxed. Based

---

[3] Some of the invoices contain information pertaining to the copying charge, such as "Computerized Legal Research" (Doc. No. 200-7 at 2), "Discovery Binders (8650-242)" (*id.* at 16), and "Online Court Documents from Los Angeles Superior Court on 5/21/15" (*id.* at 21). However, the information is insufficient for the court to glean the reasons necessitating the charges, and it declines to guess.

upon those deductions, plaintiff is directed to pay defendant $24,870.71 in costs, pursuant to 28 U.S.C. § 1920 and Local Rule 292.

IT IS SO ORDERED.

Dated: **December 20, 2017**

UNITED STATES DISTRICT JUDGE